IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA GOODSON                                                           PLAINTIFF

V.                                         NO. 14-5024

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Joshua Goodson, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claim for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review,

the Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his current application for DIB on May 31, 2012, alleging an inability to

work since July 30, 2008, due to lumbar disc bulge, PTSD (post-traumatic stress disorder),

cognitive disorder, bilateral clavical sprain, anxiety and depression. (Tr. 153-154, 182, 190).

An administrative hearing was held on May 21, 2013, at which Plaintiff appeared with counsel

and testified. (Tr. 31-62).

By written decision dated June 27, 2013, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe -

degenerative disc disease of the lumbar spine, chronic bilateral shoulder and hip pain, cognitive

-1-

AO72A
(Rev. 8/82)

disorder, adjustment disorder with anxiety/major depressive disorder, post-traumatic stress

disorder, and pain disorder. (Tr. 15). However, after reviewing all of the evidence presented, the

ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except he can only
> occasionally climb ramps and stairs; he can never climb ladders, ropes,
> or scaffolds; he can only occasionally balance, stoop, kneel, crouch, and
> crawl; he is unable to perform overhead work or reaching bilaterally; and
> he must avoid concentrated exposure to hazards including driving as part
> of work. The claimant is further able to perfrom work where
> interpersonal contact with coworkers and supervisors is incidental to the
> work performed and there is no contact with the general public, the
> complexity of tasks is learned and performed by rote, with few variables
> and use of little judgment, supervision required is simple, direct, and
> concrete.

(Tr. 17).   With the help of the vocational expert (VE), the ALJ determined that during the

relevant time period, Plaintiff was unable to perform any past relevant work, but that there were

other jobs Plaintiff would be able to perform, such as machine tender (bindery machine feeder

and off bearer); riveting machine operator II; compression molding machine tender; production

worker (bottling line attendant, cannery worker, and cloth primer); assembler (lamp shade

assembler, compact assembler, and shoe buckler and lacer); and production worker (label cutting

machine operator, zipper trimming machine operator, and clip loading machine operator). (Tr.

23-25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on November 26, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action.

(Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7).

-2-

Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

-3-

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in disregarding the opinions and findings of the United States Department of Veteran's Affairs; 2) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 3) The ALJ erred in his credibility findings; and 4) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of light work. (Doc. 15).

Although the Court believes there is substantial evidence to support the ALJ's conclusions relating to the non-binding effect of the VA disability determination, the fact that the ALJ considered all of Plaintiff's impairments in combination, and the ALJ's credibility and

-4-

AO72A
(Rev. 8/82)

RFC determinations, the Court also believes the ALJ failed to resolve a conflict between the VE's testimony and the DOT.  The ALJ's RFC determination states that Plaintiff is "unable to perform overhead work or reaching bilaterally" (Tr.17) and the jobs the VE listed as ones Plaintiff could perform - bindery machine feeder and off bearer; riveting machine operator II; compression molding machine tender; bottling line attendant; cannery worker; cloth primer; lamp shade assembler; compact assembler; shoe buckler and lacer; label cutting machine operator; zipper trimming machine operator; and clip loading machine operator - all  require either frequent reaching or constant reaching, according to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO).  Consequently, there is a conflict between the DOT and the VE's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8ᵗʰ Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs which the SCO said required frequent reaching).

When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8ᵗʰ Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8ᵗʰ Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v.  Colvin, 743 F.3d 630, 632-633 (8ᵗʰ Cir. 2014). In this case, when the ALJ asked the VE if all of his testimony was consistent with the information found in the DOT, the VE responded, "Yes, Your Honor." (Tr. 59).  It is not clear whether the VE recognized the possible conflict between the hypothetical and the

-5-

positions he identified, and no explanation for the conflict was offered at the hearing. There was

also no indication the ALJ addressed or resolved the potential conflict between the DOT and the

VE's testimony in the written decision, and this failure to resolve the conflict is reversible error.

See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark. Jan. 15, 2015).

Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict

between the VE's testimony and the DOT and therefore, the VE's testimony did not constitute

substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable

explanation for any conflict between a VE's testimony and the DOT.[1]

**IV.    Conclusion:**

Having carefully reviewed the record, the undersigned finds there is not substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case

should be remanded to the Commissioner for further consideration pursuant to sentence four of

42 U.S.C. § 405(g).

IT IS SO ORDERED this 3rd day of March, 2015.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014), the Eight Circuit noted that the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the VE, and thus another administrative hearing may not be required.

AO72A
(Rev. 8/82)